OPINION
This is an appeal from the judgment of the Lake County Court of Common Pleas. Appellant, Rebecca Boslett, appeals a judgment entry granting the motion for summary judgment of appellees, Perfect Response, Inc. and Michael Collands ("Collands").
Appellant was employed by Perfect Response, Inc. in various capacities from April 13, 1993 until October 1995. In September 1994, they promoted her to be an account executive for the company. The account executive, whether male or female, received compensation based on the number of "new starts"[1]
generated. Under this program, appellant generated about twenty-five "new starts" per month and earned more money than any other sales employee. Collands stated that this bonus structure was not an accurate measure of revenue generated by the company, so in April 1995, they restructured the program to account for volume sold plus new starts. Each account executive was given a weekly draw in addition to their bonuses. Shortly after the start of the new plan, appellant's performance decreased and she was excessively absent and tardy to work. She received two warnings concerning her reduction in performance. On October 5, 1995, at a company meeting, appellees gave her the option to transfer to a card writing position at roughly equal pay until she could demonstrate her ability to return to sales. However, appellant refused the position and left the company.
On March 4, 1996, she filed a complaint alleging in count one that she had been demoted and/or constructively discharged due to her pregnancy and/or her gender; in count two that she was exposed to a hostile work environment; in count three that she was given unequal pay for equal work pursuant to R.C. 4111.17; and in count four that Collands defamed her. Discovery followed and appellant requested appellees to produce the company's financial records. Appellees produced the records of sales only. Appellant filed a motion to compel production. The trial court denied appellant's motion as to the personnel files of Collands and other owners or management personnel and the corporate financial records. However, the court granted appellant's motion on the other requests. Subsequently, appellees moved for summary judgment. In a judgment entry filed on April 8, 1998, the trial court granted appellees' motion for summary judgment on counts one, two and three. Count four was granted in part and denied in part. Appellant dismissed the remaining portion of the count.
Appellant filed a timely notice of appeal and asserts the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] in the Journal Entry dated January 30, 1997 wherein [appellant's] Motion to Compel [appellees] to Produce Corporate Financial Records for the Past Five Years was denied and then the court denied [appellant's] Motion to Strike which precluded [appellant] from refuting appellees' defense that failing profits was the reason for the restructuring of the bonus program in April, 1995, and therefore, the granting of summary judgment as to counts one, two, and three, was improper.
 "[2.] The trial court erred to the prejudice of [appellant] when the court granted [appellees'] Motion for Summary Judgment as to counts one, two, three, and in part as to count four, where genuine issues of material fact existed and therefore, summary judgment was improper, and the cause should be remanded back to the trial court for further proceedings.
 "[3.] The trial court erred to the prejudice of [appellant] when the court granted [appellees'] Motion for Summary Judgment, in part, on count four, to wit; defamation."
In a summary judgment exercise, the Ohio Supreme Court has repeatedly held that in order for a summary judgment to be granted, the moving party must prove:
 "* * * (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
The court stated in Dresher v. Burt (1996), 75 Ohio St.3d 280,296:
 "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. Id. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Id.
Applying these standards, we will address the first assignment of error. Appellant contends that the trial court erred in denying her the opportunity to discover the company's financial records and, therefore, granting summary judgment as to counts one, two and three was improper. Appellant asserts that because the trial court denied her motion, she was unable to refute appellees' defense that the company's reduction in profits was the reason they restructured the bonus. However, appellees maintain that they did not change the bonus structure because of decreasing profits. Rather, they suggested that calculating bonuses on the number of new starts was not an accurate measure of an account executive's performance since under that system an executive got credit for generating a customer despite the lack of follow-up sales. Appellees argue that the company generated revenue according to the volume of packages sold and that their decision to restructure the plan was solely a business decision.
Therefore, under a Dresher analysis, appellees demonstrated specific Civ.R. 56(C) evidence that shows the absence of a genuine issue of fact. Thus, appellant has the burden pursuant to Civ.R. 56(E) of providing evidence establishing a genuine issue of material fact and if she does not satisfy this burden, summary judgment is appropriate. She has provided no such evidence. Appellant's first assignment of error lacks merit.
In her second assignment of error, appellant asserts that there exists a genuine issue of material fact as to her pregnancy discrimination claim and as to her hostile work environment claim. Appellant argues that there also exists a genuine issue of material fact about whether she received disparate treatment concerning her transfer to the card writing department. Specifically, appellant claims that appellees discriminated against her because of her sex in violation of R.C. 4112.02(A).
R.C. 4112.02(A) provides as follows:
"It shall be an unlawful discriminatory practice:
 "(A) For any employer, because of the * * * sex * * * of any person, to discharge without just cause, * * * or to otherwise discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
The starting point for judicial inquiry into a complaint alleging discrimination is McDonnell Douglas v. Green (1973),411 U.S. 792. "McDonnell established a flexible formula to ferret out impermissible discrimination in the hiring, firing, promoting, and demoting of employees." Plumbers Steamfitters JointApprenticeship Commt. v. Ohio Civil Rights Comm. (1981), 66 Ohio St.2d 192,197. The first step is for a complainant to prove a prima facie case of discrimination. The basic elements of a discrimination case are: (1) the employee belongs to a protected class; (2) the employee is discharged; (3) the employee is qualified for the position; and (4) the employee is replaced by, or that her discharge permitted the retention of, a person not belonging to the protected class. Id.
Appellant has the burden of establishing a prima facie case of discrimination in violation of R.C. 4112.02(A) by a preponderance of the evidence. Omobien v. Ohio Civil Rights Comm. (1993),89 Ohio App.3d 100, 103-104. If appellant succeeds in proving a prima facie case, the burden shifts to appellees to articulate some legitimate, nondiscriminatory reason for the employee's termination. Plumbers, 66 Ohio St.2d at 197. Then, if appellees carry their burden, appellant must prove that the reasons offered by appellees were not the true reasons, but were a pretext for discrimination. Id. at 197-98.
In the instant matter, appellant, by her own assertions, states that her male counterpart was in the account executive position six months prior to her discharge. She failed to show how anyone replaced her.
For appellant to prevail, she must prove that she was treated differently than a similarly-situated male employee for the same conduct. Sutherland v. Nationwide Gen. Ins. Co. (1994), 96 Ohio App.3d 793,801. The key is similarity of situation, not identity. Id. at 802. Appellant attempted to compare her treatment with that of individuals who were either owners of the company or in management positions with the company. However, she was not similarly-situated to any of those individuals.
Appellant also made statements in contradiction to her pregnancy discrimination, hostile work environment and unequal pay claim. She stated that when she announced her pregnancy, everyone was happy for her and it was "good news throughout the company." She said that the general manager, Dvorak, made her feel secure about her job. Moreover, appellant mentioned that she "loved her job." She admitted that she made more money than her male counterpart in the account executive position for several months prior to the implementation of the new bonus scheme. Appellees argued that following the start of the new bonus structure, appellant's male counterpart only fared better because he was not absent from work as much as she was and he outperformed her. Thus, appellant failed to prove that appellees' reasons for the constructive discharge were unlawfully discriminatory.
Appellant submitted numerous documents with her motion in opposition to summary judgment which indicated that former employees felt appellees engaged in discriminatory practices. However, none of these documents demonstrate that this discrimination was against appellant.
Based on the documentary evidence presented, the trial court concluded that appellant had not shown that appellees treated similarly situated males more favorably than they had treated her because of her gender. Appellant did not establish all the prima facie elements of a discrimination claim and appellees articulated legitimate, non-discriminatory reasons for the decision to transfer her to another department, which did not prove to be pretextual. Thus, even construed in a light most favorable to appellant, the evidence did not create a genuine issue of fact regarding sexual and/or gender discrimination. The trial court did not err in granting summary judgment on the issue of sexual and/or gender discrimination. Accordingly, appellant's second assignment of error is without merit.
Appellant contends in her third assignment of error that the trial court erred when it found Collands' statements about appellant to be a qualified privilege. Collands claimed the defense of qualified privilege. The elements of a privileged communication are "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to the proper parties only." Jacobs v. Frank (1991), 60 Ohio St.3d 111, 114. Appellant must present clear and convincing evidence of "actual malice" to overcome the defense of a qualified privilege. Id. at 116. Collands' comments made in a company meeting to employees to dispel rumors why appellant left the company were protected under the defense of qualified privilege. The other statements Collands made are nothing more than his opinion. They were directed at appellant as an employee not as an individual. Appellant presented no evidence showing that any of Collands' statements were made with actual malice. Therefore, appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are not with merit and the judgment of the Lake County Court of Common Pleas is affirmed.
_____________________________________ Judge Mary Cacioppo, Ret., Ninth Appellate District, sitting by assignment.
CHRISTLEY, P.J.,
NADER, J., concur.
[1] New starts were considered the number of new clients who placed orders with the company. The customer had to order at least five packages in order for the account executive to receive credit.