JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant James Woods, a minor, through his mother, appeals from summary judgment entered in favor of defendant-appellees Sherry Wingfield and Uniontown Kid's Creative Learning Center on plaintiff's claim of negligent injury to his thumb at defendants' day care center. Plaintiff contends disputed issues of material fact precluded summary judgment. We find no error and affirm.
This lawsuit was filed following an accident that occurred on the premises of the Uniontown. Kid's Creative Learning Center on January 15, 1998. The plaintiff, James Woods, was nine years old at the time of his accident. plaintiff was in the Movement Room, or play room, when he tripped on a floor mat and injured his thumb while playing bean bag catch with another child. The affidavit of Carolyn Sheppard was attached to and offered in support of defendants' motion for summary judgment, stating as follows:
 1. That I was the adult supervisor in the Movement Room on January 15, 1998 when James Woods, age 9, fell while tossing a bean bag with another child.
 2. That I have been employed at Uniontown Kids Learning Center since April, 1997.
 3. I am aware of no prior similar accidents in the Movement Room.
 4. That at the time of the accident, I was supervising six (6) children in the Movement Room at the Center. My attention was on the children when suddenly and unexpectedly James Woods tripped and fell while attempting to catch a bean bag tossed by another child. Though I was only a short distance away, there was nothing I could do to prevent the accident.
 5. Playing catch with a bean bag was a proper activity for the Movement Room and the children in the Room [were] acting properly. No one was misbehaving, though Mr. Woods initially told me he was pushed by another child.
The affidavit of Sherry Wingfield, the Executive Director of the Uniontown Kids Learning Center, stated that Carolyn Sheppard met all qualifications and standards recognized by the State of Ohio, Department of Human Services, and was an appropriate person to supervise activities in the Movement Room. The proper student/adult ratio for school age children is 18:1, and in this case, the ratio was 6:1, exceeding the supervisory standards. She further stated that no prior injuries have occurred while children played the bean bag toss in the Movement Room. (Sherry Wingfield Aff. ¶¶ 3-5).
Plaintiff's brief in opposition to the summary judgment motion attached an affidavit of the injured plaintiff, James Woods. He stated that there were mats placed around the floor about five feet long and wide and one-half inch thick; that these were left on the floor when the bean bag toss began; that he was watching a bean bag in the air when he tripped over one of the mats, lost his balance and hit the wall by putting out his arm to protect himself; and that no one was misbehaving and he was not pushed, but fell over the mat. (James Woods Aff. ¶¶ 3-8)
The foregoing describes all the evidentiary materials submitted on the summary judgment papers.
We will address Assignments of Error I and II together as they both address the issue of the propriety of summary judgment on the record.
 I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN LIGHT OF THE TRIAL COURT'S FAILURE TO THOROUGHLY REVIEW THE RECORD BEFORE IT AS REQUIRED BY RULE 56, BOTH IN TERMS OF THE SUFFICIENT EVIDENCE PRESENTED BY PLAINTIFF-APPELLANT AND EVIDENCE THAT WOULD HAVE BEEN PRESENTED IF THE COURT DID NOT DENY MOTIONS TO COMPEL DISCOVERY.
 II. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEES [SIC] MOTION FOR SUMMARY JUDGMENT BY FAILING TO APPROPRIATELY APPLY THE CIV.R. 56(C) STANDARD AS TO ESSENTIAL ELEMENTS OF NEGLIGENCE IN A DAY CARE SCHOOL, AS PLAINTIFF PRODUCED EVIDENCE OF GENUINE ISSUES OF MATERIAL FACT AS TO EACH ESSENTIAL ELEMENT SO THAT REASONABLE MINDS COULD NOT COME TO A CONCLUSION ADVERSE TO THE PLAINTIFF-APPELLANT AND THE TRIAL COURT DID NOT CONSTRUE THE EVIDENCE IN A LIGHT MOST FAVORABLE TO PLAINTIFF-APPELLANT.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
At the outset, plaintiff is critical of the haste with which summary judgment was entered, contending that the trial court failed to compel discovery and that "there are two depositions of defendants' employees which substantiate the fact no employee witnessed the accident and the mats were on the floor * * *, and the teacher in charge told the children to play catch with the bean bags knowing the mats were on the floor." (Aplts' Brf. at 10). The record does not reveal that any discovery was denied or that any depositions were filed or offered to rebut the motion for summary judgment. We have no basis for faulting the trial court's attention to this matter.
"In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty and an injury proximately resulting therefrom." Texler v. D.O. Summers
Cleaners (1998), 81 Ohio St.3d 677, 680. In order for plaintiff to recover against defendants for his alleged injuries, he must produce sufficient evidence that his alleged injuries were due to a breach of duty by defendants and proximately caused by defendants' negligence. Whether a duty of due care is owed to a particular plaintiff depends upon whether the defendant should have foreseen that its conduct would likely cause a person in the plaintiff's position harm. Whether a duty exists on the part of a particular defendant is a question of law for the court to decide. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
In the instant case, plaintiff has put forth no evidence that defendants violated any duty which caused the resulting injuries. Based on the record before us, this accident occurred in the Movement Room under proper and attentive supervision. The adult supervisor in the room met all qualifications and standards recognized by the State of Ohio and the proper student/adult ratio in the room far exceeded the standards set by the State. The children were acting properly and there was nothing the adult supervisor could do to prevent this sudden and unexpected accident. According to the supervisor and owner's affidavits, bean bag toss was a proper activity in the Movement Room and there were no prior similar accidents while children were playing bean bag toss.
It is not enough to avoid summary judgment to simply argue that the supervisor knew the mats were on the floor when the children began the bean bag game. Plaintiff has produced no evidence that the mats on the floor were a foreseeable hazard as opposed to a sensible safety precaution to protect falling children. Nor did plaintiff offer any expert or other evidence of the standard of care customarily exercised by day care centers in similar circumstances. Absent some evidence that defendants should have foreseen that the children playing bean bag toss on the mats would likely cause a child in plaintiff's position to be injured, defendants owed no duty to plaintiff and summary judgment was proper.
Plaintiff's Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J., and BLACKMON, J., CONCUR
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE