Plaintiff-appellant Gayle Houdek, Admx. of the Estate of Richard M. Houdek, Sr., Deceased, appeals from the summary judgment entered in favor of her husband's former employer, defendant appellee Warren Roofing Insulating Co. on plaintiff's intentional tort claim arising out of a fatal accident at defendant's work site. Plaintiff claims disputed issues of fact precluded summary judgment. We find no error and affirm.
This case arose out of the death of thirty-year-old Richard M. Houdek, who was killed by flying shrapnel when he and his co- workers detonated a homemade cannon at defendant's work site on July 6, 1996. On that date, the decedent, Daniel Gannon and Michael Jackson, assembled a homemade cannon in the parking lot of the Medina County Career Center where Warren Roofing was replacing the roof. The work site of the Medina County Career Center was enclosed by a perimeter fence, which was unlocked at the commencement of work and closed at the conclusion of the work day by defendant's foreman, Timothy Welch. The defendant's employees were required to park their automobiles within the fenced in area. On the day in question, the work day started at 6:00 a.m. and the workers were dismissed at 12:00 noon.
At that time, defendant Gannon removed the metal double-barrel cannon from his automobile and he and Jackson poured gunpowder into each barrel of the cannon. Jackson and the decedent then stuffed hot dog buns into the cannon for wadding and packed the material with a metal ram rod. Gannon and Jackson testified in their deposition that they were aware of the extreme danger in detonating the cannon.
The decedent, Gannon and Jackson placed the cannon near several automobiles prior to detonation. They huddled around the cannon, inserted the cannon fuses and detonated them. The defendants Gannon and Jackson took cover behind the automobiles. Tragically, as the cannon exploded, decedent, who was standing 38' 2" behind the cannon, was struck in the front of the head by the metal end cap of the cannon which lodged in his brain. He was life-f lighted to MetroHealth General Hospital where he died approximately ten hours later.
Plaintiff filed the instant action to recover for the wrongful death of John Houdek resulting from the alleged intentional tort of defendants. Plaintiff claimed foreman Timothy Welch should have prevented the use of the cannon in the exercise of safety practices. The trial court granted summary judgment for defendant Warren Roofing and the plaintiff voluntarily dismissed the remaining defendants. This timely appeal ensued.
We will address plaintiff's Assignments of Error II, III and IV together because they are interrelated and dispositive of this appeal.
 II. THE TRIAL COURT IMPROPERLY GRANTED THE MOTION FOR SUMMARY JUDGMENT.
 III. A PARTY MUST ONLY DEMONSTRATE THAT THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE TO OVERCOME A MOTION FOR SUMMARY JUDGMENT.
 IV. THIS COURT CANNOT WEIGH EVIDENCE OR DETERMINE WHETHER THE APPELLANT HAS SUBMITTED CLEAR AND CONVINCING EVIDENCE OF AN INTENTIONAL TORT COMMITTED BY APPELLEE, WARREN ROOFING 
INSULATING CO.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E) Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
Plaintiff contends that Warren Roofing was responsible for the death of John Houdek as a result of an intentional tort through failure to protect Houdek or enforce safety practices. Defendant claims there is no evidence that plaintiff's decedent was in the course and scope of his employment at the time of the accident because the workday was over. Thus, defendant argues that in the absence of an active employment relationship at the time of the accident, plaintiff's claim against defendant, Warren Roofing, must fail as a matter of law.
Further, defendant argues that even if plaintiff's decedent was in the course and scope of employment at the time of this accident, there is no evidence than an intentional tort was committed.
We agree with the trial court that summary judgment was appropriate for defendant Warren Roofing on the intentional tort claim. In order to set forth a cause of action against an employer, plaintiff must meet the intentional tort standards established in Fyfffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, which state as follows, at paragraphs one and two of the syllabus:
 Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent.
Plaintiff must prove each prong of the Fyffe test. The first element of the Fyffe test requires plaintiff to demonstrate that Warren Roofing knew of the existence of a dangerous condition, process, procedure or instrumentality within its business operation. But, there is no evidence set forth by plaintiff indicating that the detonation of this cannon had anything whatsoever to do with Warren Roofing's business operation. As Mr. Welch indicated, Warren Roofing is in the business of installing roofs not detonating cannons. What Messrs. Jackson, Gannon and Houdek were doing after working hours on the date of the accident had nothing to do with Warren Roofing's business operations or its processes, conditions, procedures or instrumentalities.
The second element of the Fyffe test mandates that plaintiff show that Warren Roofing knew that Mr. Houdek was subjected by his employment to a dangerous condition and that harm to him would be a "substantial certainty." In the case at bar, nothing regarding Mr. Houdek's employment related to the detonation of this cannon. Even if it did, the mere knowledge and appreciation of a risk by Warren Roofing, something short of a substantially certain injury, is not actionable intent. Mr. Welch testified that even though cannons can be dangerous, he did not believe it was harmful to detonate the cannon. There is certainly nothing to suggest that Mr. Houdek was exposed to the cannon as a result of his employment. Rather, he voluntarily chose to participate in the detonation of the device and expose himself to any danger after work hours. Other workers had left for the day. The plaintiff's decedent was released at the same time and free to go as well but chose not to leave.
Nor was the third prong of the Fyffe test met. The plaintiff had to show that Warren Roofing required Mr. Houdek to perform a dangerous task despite knowledge of the dangerous condition within its business operation and knew that, if subjected to the dangerous condition, then harm to Mr. Houdek would be a substantial certainty. Again, the detonation of the cannon had nothing to do with Warren Roofing's business operation. The detonation occurred after the workday ended and a number of the employees working on the job site had gone home for the day. Mr. Welch was simply waiting to lock the gate to the parking lot when the cannon was being detonated. Warren Roofing did nothing to require Mr. Houdek to perform the purported dangerous task of detonating the cannon. It was something voluntarily undertaken by Mr. Houdek on his own and was not related in any way to the affairs of Warren Roofing.
This Court in Cross v. Hydracrete Pumping Company, Inc. (March 11, 1999), Cuyahoga App. No. 73962, unreported, recently discussed the legal standard by which a court must measure an employee's intentional tort claim against his employer and found that none of the elements set forth in the syllabus of Fyffe v.Jeno's, Inc. were established. In Cross, an employee was injured when the cement mixer boom which he was operating struck a high voltage power line. The employer had no notice that the wires at the location existed and the employee admitted that he knew the situation was dangerous and that even though he could have refused to perform the job, he proceeded to operate the boom. Under these circumstances, this Court held that there was no evidence that the employer had knowledge of the danger and that injury would occur with substantial certainty and that in spite of the danger, required the employee to proceed. Similarly, in this case, the decedent voluntarily took part in the detonation of the cannon. There was no evidence that the employer required the decedent to perform the activity.
We find that the trial court properly entered summary judgment for Warren Roofing.
Plaintiff's Assignment of Error II, III and IV are overruled. Given our disposition of Assignments of Error II, III and IV, it is not necessary to address the remaining assignment of error which is moot. See App.R. 12(A)(1)(c)
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and BLACKMON, J., CONCUR.
JAMES M. PORTER, ADMINISTRATIVE JUDGE