JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Chuck Mueller appeals from the summary judgment in the amount of $23,816.67 entered in favor of plaintiff-appellee Cleveland Imported Groceries and Wines, d.b.a. Zannoni's Food Services (Zannoni's) on two accounts representing the supply of food and other restaurant products. Defendant contends that the judgment is in error and summary judgment should have been entered in his favor given the state of the record. We find merit to the appeal, vacate the summary judgment and remand the case for further proceedings.
Beginning in 1989, plaintiff Zannoni's has supplied food and other products under two accounts to Geppetto's Pizza and Ribs located at 5589 Broadview Road in Parma, Ohio. One account represented meat products and the other represented food and other restaurant products. The invoices were sent to Geppetto's at the Broadview Road address and the payments were made by checks in the name of Newerco, Inc. DBA Geppetto's.
On February 3, 1999, plaintiff Zannoni's filed the instant action against defendant Chuck Mueller seeking payment on the two accounts in the total amount of $23,816.67. Defendant answered and denied personal liability for the accounts. On November 30, 1999, plaintiff filed its motion for summary judgment and on December 2, 1999, defendant filed his cross-motion for summary judgment.
In defendant's affidavit attached to his motion for summary judgment, defendant states that Newerco, Inc. is an Ohio corporation established and owned by Linda Dobson Mueller, defendant's ex-wife. He states that he was never an owner, officer or employee of Newerco, Inc. Defendant further states that Newerco established the business relationships with its suppliers, including Zannoni's, and that all supplies were ordered and paid for by and through the corporation and its employees. Defendant also attached to his motion papers checks from Newerco to plaintiff which were drawn on Newerco's corporate checking account.
Attached to plaintiff Zannoni's motion for summary judgment was the affidavit of Gene Zannoni, President of Cleveland Imported Groceries, d.b.a. Zannoni's Food Services. In his affidavit, Mr. Zannoni states that the accounts held with plaintiff were opened by defendant Chuck Mueller in order to obtain food products for the Geppetto's Restaurant located at 5589 Broadview Road. He states that outstanding invoices were regularly faxed to defendant, that credit was extended to defendant and that no credit application was requested prior to extending credit to defendant. He further states that, even though he received payments from Newerco, Inc., he was unfamiliar with the corporation and that credit was not requested by or extended to that entity. Mr. Zannoni also attached to his affidavit a schedule of outstanding invoices from the two accounts which reflect outstanding balances due and owing of $10,127. 50 and $13,689.17.
On January 9, 2000, the trial court granted plaintiff's motion for summary judgment and denied defendant's motion. The trial court then rendered judgment in favor of plaintiff in the amount of $23,816.67.
This appeal follows.
We will address the defendant's assignments of error together as they present common questions of law and fact.
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
Plaintiff Zannoni's claims that the main issue in this case is whether defendant is an undisclosed principal. Plaintiff specifically asserts that defendant failed to disclose that he was acting as an agent of Newerco, Inc. when he applied to plaintiff for credit, and therefore, he is personally responsible for the balances due and owing. However, we disagree and conclude that the relevant issue in this case is whether plaintiff has presented sufficient evidence on summary judgment to establish any personal liability on the part of defendant.
Our decision in Alpha Concrete Corporation v. DiFini (Jan. 10, 1985), Cuyahoga App. No. 48390, unreported, is helpful in determining the merits of this appeal. In DiFini, plaintiff Alpha brought suit against Mr. DiFini, President of DiFini Cement Contractors, Inc., in his individual capacity to recover for concrete sold and delivered on account. The account was designated John DiFini on Alpha's ledger and the invoices were sent to him personally. All payments to Alpha were made by check drawn on the corporate account with DiFini Cement Contractors, Inc. printed on the checks. Alpha asserted at trial that this was a case of undisclosed principal and that it was not aware that Mr. DiFini was working for a corporation called DiFini Cement Contractors, Inc. Mr. DiFini, on the other hand, asserted that Alpha knew, or should have known, that it was dealing with the corporation. We held as follows:
 In the Mark Peterson case, there was documentary evidence showing that Kral had personally authorized the work, in his own name. No evidence was introduced by Alpha Concrete at trial to demonstrate that John DiFini had ever personally ordered cement from appellee, except for the fact that appellee carried the account in his name personally, rather than in a corporate capacity as DiFini Cement Contractors, Inc. For this Court to permit a finding of personal liability on the basis of that evidence alone would, in effect, permit a seller's bookkeeper to bind an individual employee of a corporate buyer as guarantor of the buyer's corporate liabilities, without obtaining the consent of the affected individual employee. Appellee should have been on notice that it was dealing with a corporation, because the billings consistently were paid by check drawn on the corporate account of DiFini Cement Contractors, Inc. Without direct evidence that appellant personally ordered any materials from appellee, a judgment in appellee's favor cannot be supported. Accordingly, this Court concludes that the decision of the trial court was against the manifest weight of the evidence. The judgment is reversed and remanded to the trial court with instructions to enter judgment in favor of the appellant.
Similarly, in the instant case, plaintiff Zannoni's seeks to recover from defendant in his individual capacity for food products sold and delivered to Geppetto's on account. The evidence establishes that the account was designated Geppetto's Pizza Ribs on plaintiff's records and all payments to plaintiff were drawn on Newerco's corporate checking account with Newerco, Inc. DBA Geppetto's printed on the checks.
Taking the conflicting affidavits at face value, Zannoni's avers it sold products to Geppetto's on the strength of Chuck Mueller's credit and faxed him copies of invoices on a regular basis. On the other hand, Mueller avers that the credit was extended to his wife's corporation Newerco, Inc., d.b.a. Geppetto's, he has no personal obligation for the accounts and the Zannoni's invoices were always paid for by checks issued in the name of Newerco, Inc.
There appears to be no evidence on this record as to who ordered the food products periodically from Zannoni's or what the course of dealing was between Geppetto's and Zannoni's. Furthermore, defendant Mueller does not specifically deny or contradict that he opened the Geppetto's accounts, nor does he deny that he received faxes of the invoices. Based on this state of the record, it cannot be conclusively determined whether Zannoni's was selling on Newerco's credit or Mueller's credit. We find that disputed issues of material fact remain, which make summary judgment for either party inappropriate.
Consequently, we sustain Assignment of Error I, but overrule Assignment of Error II.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
 _________________________ JAMES M. PORTER, JUDGE
ROCCO, J., and MICHAEL J. CORRIGAN, J., CONCUR.