Mootispaw, Appellant, *v.* Eckstein, Pros. Atty., Appellee.

[Cite as *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383.]

384

(No. 96–777—Submitted July 10, 1996—Decided August 21, 1996.)

*Rusty E. Mootispaw,* pro se.

*Steven Eckstein,* Fayette County Prosecuting Attorney, and *James B. Grandey,* Assistant Prosecuting Attorney, for appellee.

———————

*Per Curiam.* In his sole proposition of law, Mootispaw asserts that the court of appeals erred in granting Eckstein's motion for summary judgment and denying the writ because prosecutors are required to investigate fraud and collusion in criminal convictions. In order to be entitled to a writ of mandamus, Mootispaw had to establish (1) a clear legal right to the requested investigation, (2) a corresponding clear legal duty on the part of Eckstein to conduct the requested investigation, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233–234. Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184. Consequently, the decision whether to prosecute is discretionary and not normally subject to judicial review. *Id.,* 75 Ohio St.3d at 27, 661 N.E.2d at 184, citing *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 160, 572 N.E.2d 80, 82.

Mootispaw contends that the letter attached to his complaint for a writ of mandamus was sufficient to preclude summary judgment. However, when a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Civ.R. 56(E).

Eckstein supported his summary judgment motion with his affidavit, which established that he conducted an investigation and did not abuse his broad discretion in deciding not to prosecute the matter. By contrast, Mootispaw rested on the mere allegations of his pleading and failed to file Civ.R. 56 evidence

setting forth specific facts supporting his claim that Eckstein abused his discretion in deciding not to prosecute the matter.

In addition, to the extent that Mootispaw claimed that Eckstein had conflicts of interest, the court of appeals correctly concluded that Mootispaw "failed to specifically explain [with appropriate Civ.R. 56 evidence] how either of these circumstances could have influenced respondent's investigation * * *." Even assuming that Eckstein had a conflict of interest, Mootispaw had an adequate remedy at law, *i.e.*, he could have requested the common pleas court to appoint a special prosecutor to investigate and prosecute the alleged fraud. *Master*, 75 Ohio St.3d at 27, 661 N.E.2d at 184.

For the foregoing reasons, the court of appeals properly entered summary judgment in favor of Eckstein and denied the writ. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.