OPINION
This appeal emanates from the Trumbull County Court of Common Pleas. Appellants, Pamela J. Shirley and Terry Shirley, appeal the judgment entry granting summary judgment in favor of appellees, Edward C. Walker, M.D. and Radiology Associates of Warren, Inc.
On May 13, 1998, appellants filed a complaint against St. Joseph Riverside Hospital ("St. Joseph's") and appellees alleging medical malpractice. Appellant Pamela J. Shirley was treated on December 23, 1993, at St. Joseph's regarding a fall on her ankle. She claimed that appellees failed to properly diagnose and treat her medical condition.[1]
On September 1, 1998, appellants voluntarily dismissed St. Joseph's with prejudice pursuant to Civ.R. 41(A)(1). On December 10, 1998, appellees filed a motion for summary judgment on the basis that appellants had not supplied any evidence by an expert to oppose appellees' evidence. Appellants requested an extension to respond to appellees' motion for summary judgment on January 12, 1999. On January 29, 1999, appellants filed a motion for an extension of time to provide their expert report.
On February 1, 1999, the trial court issued two judgment entries granting appellants' request for an extension to respond to appellees' motion for summary judgment. One entry granted the extension until January 30, 1999, and the other granted appellants an extension until February 11, 1999. On that same date, the trial court issued another entry granting appellants' request for an extension to provide their expert report until February 8, 1999. Subsequently, on February 17, 1999, the trial court issued another entry granting appellants an extension to submit their expert report until February 18, 1999.
Thereafter, in a judgment entry dated February 26, 1999, the trial court granted appellees' motion for summary judgment after reviewing appellees' motions, affidavits, memoranda, pleadings, and exhibits, which was filed and entered on March 3, 1999. Further the trial court mentioned that appellants had filed no response. It is from that judgment entry that appellants timely filed the instant appeal and now assert the following as error:
 "The lower court erred in granting the motion for summary judgment of appellees."
 Appellants' sole contention is that the trial court erred in granting appellees' motion for summary judgment.
The standard for determining a motion for summary judgment is well-established in Ohio. In order for a summary judgment to be granted, the moving party must prove:
 "* * * (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385.
Civ.R. 56(C) states that:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"
The Supreme Court stated in Dresher v. Burt (1996), 75 Ohio St.3d 280,296:
 "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. Id. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "[w]e review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Linkv. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
In the instant matter, it was the trial court's obligation to examine the submissions that were properly before it, and then, while construing the evidence in appellants' favor, decide whether appellants asserted a claim that provided a basis for a genuine issue of material fact.
Appellants contend that appellees offered no evidence, except the affidavit of appellee Edward C. Walker, M.D., to support their motion. Appellants claim that the affidavit of appellee Edward C. Walker, M.D. was conclusionary and not up to summary judgment standards. Appellee Edward C. Walker, M.D.'s affidavit stated that he "interpreted a plain film x-ray of the right ankle of [appellant] Pamela Shirley that was taken on December 23, 1993." He further stated that after he examined the right ankle, there was "no evidence of a fracture, dislocation, bony disease or injury. A prominent heel spur [was] noted at the insertion of the plantar ligament on the os calcis." In his affidavit, he also added that his "interpretation of the right ankle x-ray * * * was reasonable and proper and in accordance with acceptable standards of care."
Affidavits submitted in a summary judgment exercise must contain facts as would be admissible at trial. Civ.R. 56(E). This court has held that statements in affidavits must be based on personal knowledge because legal conclusions are inappropriate.Biddle v. Warren Gen. Hosp. (Mar. 27, 1998), Trumbull App. No. 96-T-5582, unreported, at 29, citing Brannon v. Rinzler (1991),77 Ohio App.3d 749, 756. Hence, in the instant matter, it is our determination that the affidavit was not entirely conclusionary, but that there was factual matter contained in it.
Moreover, appellants were to provide the trial court with their expert report, which they failed to do. Further, appellants' submissions did not raise a genuine issue of material fact.
In order for appellants to establish a cause of action that can survive a summary judgment exercise, they must establish through expert testimony or opinion that there is a possibility that:
 "the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct result of such doing or failing to do some one or more of such particular things." Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127, 131.
 In the case sub judice, appellants left it to the trial court to determine whether a sufficient showing had been made to survive a summary judgment exercise. It is our view that the trial court did not err in granting appellees' motion for summary judgment, as they completely failed to establish even a prima facie case of medical negligence. Appellants needed to submit expert medical opinions that established: (1) the standard of care recognized in the medical community, (2) a failure by appellees to deliver medical care that met the standard in the medical community, and (3) a causal link between the alleged negligence and the injuries sustained. Id. Appellants did not provide any proof or raise a factual question on this issue either by affidavit, stipulation, or other permissible means to show that appellees violated a standard of care and caused injuries to appellant Pamela J. Shirley. Thus, since appellants failed to produce any competent evidence on the issues that they would have had the burden of proving at trial, the trial court properly granted appellees' motions for summary judgment. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus, citing Celotex v. Catrett
(1986), 477 U.S. 317.
For the foregoing reasons, appellants' assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 _____________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
[1] Appellants filed an earlier complaint, which was subsequently dismissed on May 15, 1997. On May 13, 1998, appellants refiled the action.