DECISION
This is an appeal by plaintiffs-appellants, David Despas and Rhonda Despas, from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Cleveland Cement Company, on plaintiffs' intentional tort claim.
In 1996, plaintiff David Despas ("Despas") worked as a cement mason for defendant. On November 22, 1996, Despas was injured while operating a vibrating screed, a device used to smooth and level wet concrete. The screed consists primarily of a long bar, an engine near the center of the bar, and winches (also called "spools") located at each end of the bar. Two metal cables are utilized to pull the screed. The cables at one end are wound around the winches/spools, while the cables at the other end are attached to fixed structures.
On the date of injury, Despas was operating the screed when he observed that the device was not working properly. Specifically, Despas noticed insufficient tension on the cable. Despas pulled on the cable with his right hand while turning the spool with his left hand. Despas' left hand became caught in the cable and spool, and the cable severed the "pinky" finger and ring finger on his left hand.
On July 16, 1999, plaintiffs filed an intentional tort action against defendant. In the complaint, plaintiffs alleged that the screed was in a defective and faulty condition, rendering it unreasonably dangerous to users, and that defendant had knowledge of the defective condition.
On December 8, 1999, defendant filed a motion for summary judgment. On January 26, 2000, plaintiffs filed a memorandum in opposition to defendant's motion for summary judgment. Defendant subsequently filed a reply to plaintiffs' memorandum.
On July 14, 2000, the trial court rendered a decision sustaining defendant's motion for summary judgment. The decision of the trial court was journalized by judgment entry filed August 4, 2000.
On appeal, plaintiffs set forth the following single assignment of error for review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS UPON THIS WORKPLACE INTENTIONAL TORT CLAIM.
The issue presented under plaintiffs' assignment of error is whether the trial court erred in granting summary judgment in favor of defendant on plaintiffs' intentional tort claim. In Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, the Ohio Supreme Court noted the standard of review for summary judgment:
 * * * Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
In general, "[t]he Ohio Workers' Compensation Act provides that a participating employer shall not be liable to respond in damages at common law or by statute for death, injuries, or occupational disease of its employees." Vermett v. Fred Christen Sons Co. (2000),138 Ohio App.3d 586, 598-599, citing Section 35, Article II, Ohio Constitution. However, "[t]his immunity does not apply when an employer intentional tort has occurred within the context of the employer/employee relationship." Id. at 599, citing Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982), 69 Ohio St.2d 608.
In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus, the Ohio Supreme Court set forth the following requirements in order for a plaintiff to establish a prima facie case for an intentional tort by an employer:
 * * * (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * *
In its decision granting summary judgment in favor of defendant, the trial court found that plaintiffs had failed to satisfy any of the three elements of Fyffe, supra. More specifically, in addressing the first and second prongs of Fyffe, the trial court focused on plaintiffs' contention that one of the cables on the screed had snapped two days prior to the accident, and that defendant had failed to properly repair the cable. The court cited the deposition testimony of plaintiffs' expert, Richard Harkness, who testified that he did not believe there was a knot in the cable at the time of the accident and that, even if there had been a knot, it did not contribute to the accident. Harkness also stated in his deposition that he was not aware of any evidence that the employer did anything wrong.
As to the third element of Fyffe, the trial court cited plaintiff Despas' own testimony in which he stated that pulling the cable with his right hand and moving the spool with his left hand was not a regular part of his job duties; Despas indicated that he had never used that method prior to the cable snapping. The trial court also cited Despas' testimony that, on the morning of the accident, nobody gave him instructions with respect to the loose cable, and that he took all of the actions on his own. The trial court noted that, subsequent to Despas' deposition testimony, he submitted an affidavit that gave a "markedly different version" of his actions. The trial court found that, because Despas' affidavit was in direct conflict with his prior deposition testimony, plaintiffs could not create a genuine issue of material fact by filing an affidavit contradicting earlier deposition testimony without further supporting materials.
We will initially address the evidence presented concerning the first element of Fyffe which, as noted above, requires an employee to establish that the employer possessed knowledge of a dangerous process, procedure, instrumentality, or condition within its business operations. Plaintiffs' basic contention on appeal is that the screed was a hazardous piece of equipment, and that defendant's workers were not ordinarily required to touch either the cable or the spools while the screed was running during the normal course of their duties. Plaintiffs argue, however, there was evidence that Despas was instructed by his foreman to manually turn the spool on the screed while pulling the cable with his other hand, thus placing his hand near a pinch point. Plaintiffs maintain that defendant's act of instructing its workers to touch either the cable or spool created an extremely hazardous condition.
Regarding the evidence presented on this issue, Despas stated in his deposition that one of the cables on the screed snapped two days prior to the accident, and the cable was tied together so that work could proceed. Despas further stated that, on the day the cable snapped, his foreman instructed him to keep tension on the cable by pulling the cable with his right hand and moving the spool with his left hand. Two days later, when Despas noticed slack in the cable, he employed this technique again, at which time his fingers became caught in the spool. Plaintiffs also submitted the affidavit of Despas, who averred that, in manually turning the spool with one hand while pulling on the cable with his other hand, he was merely doing what he was told to do by his supervisor.
In its reply motion in support of summary judgment, defendant pointed to Despas' deposition testimony in which he stated that, on the morning of the accident, nobody had instructed him to place his hand on the spool or cable in order to alleviate slack. Defendant also asserted that Despas' affidavit was in conflict with his deposition testimony. In oral argument before this court, defendant asserted that, even if Despas had been instructed to reduce slack in the manner described above on the date the cable snapped, the evidence indicated that the cable was subsequently repaired before the injury. According to the deposition testimony of Despas' foreman, Joseph H. Capone, the cable with the knot had been repaired by the time of the accident.
However, even assuming that the broken cable was repaired prior to Despas' injury, an issue remains as to whether Despas was instructed to alleviate slack in the cable by using the technique he employed at the time of his injury. As noted previously, according to the deposition of Despas, he was instructed by his foreman to create tension on the cable by pulling on the cable with one hand while manipulating the spool with his other hand, a practice plaintiffs assert was hazardous because of the exposed "pinch point" created as the cable wound around the spool. Construing the evidence most strongly in favor of plaintiffs, there was evidence to arguably create a genuine issue of fact as to whether defendant was aware of a dangerous process, procedure, instrumentality and condition within its business operation. Thus, we conclude that the trial court erred in finding that plaintiffs failed, for purposes of summary judgment, to meet the first prong of the Fyffe test.
The second prong of Fyffe requires a showing of knowledge by the employer that injury to the employee will be a substantial certainty. In support of its contention that plaintiffs could not meet the second prong of Fyffe, defendant submitted the deposition testimony of Kenneth A. Kohl, a job superintendent for defendant, and Capone, Despas' supervisor at the time of the accident. Kohl testified during his deposition that he had never heard of an accident such as this prior to Despas' injury.
Capone gave similar testimony during his deposition, which included the following colloquy between Capone and counsel:
 Q. Is that the first time you've ever seen anyone hurt on a spool of a screed?
A. Yes.
Q. Never heard of that before in your life?
A. Never heard of it. [Depo. Capone at 50.]
We note that Despas also stated in his deposition that, prior to his accident, he was unaware of anyone being similarly injured on a cement screed. Plaintiffs argue, however, that a genuine issue of material fact exists based in part on Capone's acknowledgement that it would be "very dangerous" for someone to come in contact with the spool. (Depo. Capone at 117.)
In Berge v. Columbus Community Cable Access (1999), 136 Ohio App.3d 281,308-309, this court held:
 To satisfy the second prong of the Fyffe test, plaintiff had to produce evidence that [defendant] knew of the substantial certainty of injury to plaintiff as a result of the dangerous condition. "[E]ven if an injury is foreseeable, and even if it is probable that the injury would occur if one were exposed to the danger enough times, `there is a difference between probability and substantial certainty.'" * * * "[T]he mere knowledge and appreciation of a risk something short of substantial certainty is not intent." * * * Unless the employer actually intends to produce the harmful result or knows that injury to its employee is certain or substantially certain to result from the dangerous instrumentality or condition, the employer cannot be held liable. * * * Accordingly, an intentional-tort action against an employer is not shown simply because a known risk later blossoms into reality. * * * Rather, "the level of risk-exposure [must be] so egregious as to constitute an intentional wrong." * * *
Although plaintiffs rely upon Capone's statement that it would be dangerous for a worker's hand to come in contact with the spool, something more than a dangerous situation is needed to establish existence of a genuine issue of material fact regarding whether an employer knew that injury was substantially certain to occur. Kirk v. Colburn (Dec. 31, 1997), Williams App. No. WM-97-002, unreported. See, also, Banks v. Ross Incineration (Dec. 15, 1999), Lorain App. No. 98CA007132, unreported ("[a] dangerous work environment alone does not establish that one's injury was a substantial certainty"); Cathey v. Cassens Transport, Co. (Feb. 4, 2000), Union App. No. 14-99-35, unreported ("substantial certainty is greater than an employer's knowledge of a high risk of harm or danger"). Thus, even assuming that operation of the screed posed a danger, the dispositive issue is whether defendant had knowledge that harm to Despas was a substantial certainty.
In Berge, supra, at 309, this court noted that "prior accidents resulting from the hazard are probative of whether an employer knows that an injury is substantially certain to occur." Conversely, "[e]stablishing substantial certainty of harm is difficult where * * * there are no prior accidents of a similar character evidencing a dangerous condition." Brunn v. Valley Tool Die, Inc. (Nov. 9, 1995), Cuyahoga App. No. 68811, unreported.
In the instant case, there was no evidence that defendant was aware of any instances in which a worker had been injured while operating a screed. As indicated above, defendant submitted the deposition testimony of Capone and Kohl in which they stated that they had never heard of any such similar injuries prior to Despas' accident. Plaintiffs' expert, Harkness, also stated that he was unaware of any injuries in the cement mason industry such as the one in the instant case. Rather, the only evidence on this issue indicates that this accident was the first of its kind. The evidence also indicates that Despas was an experienced mason who was familiar with the operation of screeds, having worked with them for twelve years. (Depo. Despas at 61.) We note that evidence of defendant's response to knowledge of the broken cable indicates that defendant repaired the cable prior to Despas' injury. Despas stated in his deposition testimony that the only reason he pulled on the cable with his right hand and turned the spool with his left hand two days prior to the accident was because of the knot tied in the cable after it had snapped. He acknowledged that, during normal usage of the screed, he would not be required to employ such a method. Specifically, he stated that if the cable had not snapped, he "could have adjusted it with the speed adjustment." (Depo. Despas at 116.)
While there are many acts in the workplace which involve the existence of dangers, "where management fails to * * * warn the employees of the risks involved[,] [s]uch conduct may be characterized as gross negligence or wantonness on the part of the employer"; however, "in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an `intentional tort.'" Van Fossen v. Babcock 
Wilcox Co. (1988), 36 Ohio St.3d 100, 117. Under the circumstances of the instant case, even assuming that defendant had some awareness of a danger, the mere knowledge and appreciation of such risk, while it may suggest negligence, does not constitute intent. Smith v. S V Office Equip., Inc. (Feb. 5, 1999), Montgomery App. No. CA 17242, unreported. See, also, Baldner v. G. S. Titanium, Inc. (July 15, 1998), Wayne App. No. 97CA0059, unreported (evidence that one of plaintiff's superiors admitted that he knew if jog button were pushed while someone was cleaning machine it could result in injury was insufficient to create a genuine issue of fact as to the second prong of Fyffe; rather, "even if [defendant] knew that this type of injury could occur if someone hit the jog button * * *, this is merely knowledge of a possibility of injury, not a substantial certainty").
Here, even when construing the evidence most strongly in favor of plaintiffs, the facts fail to support a finding that defendant had knowledge that an injury was substantially certain to occur from a known and hazardous condition. Accordingly, the trial court did not err in finding that plaintiffs were unable to satisfy the second prong of the Fyffe test.
Having found that plaintiffs failed to establish a genuine issue of fact as to the second prong of the Fyffe test, it is "unnecessary to address" plaintiffs' argument regarding whether the trial court erred in finding that there was insufficient evidence to satisfy the third prong of the test. Eubank v. Madison Twp. Trustees (Sept. 23, 1997), Franklin App. No. 96AP-1693, unreported.
Based upon the foregoing, plaintiffs' single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 _________________ DESHLER, J.
TYACK and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.