OPINION
Appellant, Marcia R. Bianco, appeals from the September 15, 2000 judgment entry of the Trumbull County Court of Common Pleas granting the motion for summary judgment of appellee, Trumbull Memorial Hospital.
Appellant was employed by appellee from February 14, 1984, through January 28, 1999. Appellee discharged her on January 28, 1999, for failing to either request an extension of a leave of absence that expired on January 3, 1999, or, in the alternative, report to work on that date. At the time of her discharge, appellant's job responsibilities were in the area of outpatient registration.
Appellant filed a complaint on July 22, 1999, alleging that appellee had violated R.C. 4123.90 by terminating her employment in retaliation for a workers' compensation claim that she filed concerning an incident on March 1, 1989 ("the 1989 claim"). Appellant made two worker compensation claims while she was employed by appellee. The first claim related to an incident that occurred in 1987, when she fell in appellee's parking lot and injured her knee. That injury resulted in two surgeries being performed on the knee. The 1989 claim, which is the claim pertinent to this appeal, resulted from an incident which occurred on March 1, 1989, when appellant slipped on a wet floor in front of appellee's outpatient desk and fell. When appellant landed on the floor, she bruised and strained her cervical, dorsal, and lumbosacral spine, left hand and left wrist.
More than nine years after the incident, which led to the 1989 claim, appellant requested a leave of absence from her employment with appellee due to stress. The leave commenced June 30, 1998. She requested an additional leave of absence on September 3, 1998, because of back pain that was related to the 1989 claim. At that point, appellant was placed on an unpaid leave of absence.
Appellant was due to return to work on November 3, 1998. However, her physician, Dr. Bernard Stulberg ("Dr. Stulberg"), determined that she could return to work only if she worked no more three days per week, and did not sit for extended periods of time. In view of those restrictions, appellee was unable to find appropriate work for appellant; therefore, appellant's unpaid leave of absence was extended to January 3, 1999. When appellant's leave of absence expired on January 3, she was still incapable of working full time. Dr. Stulberg refused to sign an additional leave of absence request for appellant, on the grounds that appellee should have been able to find appropriate work for her, even with her restrictions. Appellant informed appellee that her restrictions were ongoing, but did not submit a leave of absence form because of Dr. Stulberg's refusal to sign it. Based on the ongoing restrictions, a representative of appellee instructed appellant not to come to work, because there was no part-time work available for her that would accommodate her restrictions. On January 28, 1999, appellant was notified by mail that she had been discharged for failure to comply with appellee's leave of absence policy.[1]
Subsequent to her discharge, appellant filed a grievance through her union, under the union's collective bargaining agreement with appellee. Appellant requested disability retirement and that her discharge be removed from her record. Acting on appellant's behalf, the union entered into an agreement with appellee, whereby appellant's discharge was converted into a termination because of a leave of absence in excess of one year. Appellant's request for disability retirement was not addressed.On July 22, 1999, appellant filed her complaint alleging a retaliatory discharge on the part of appellee, in violation of R.C.4123.90, and a wrongful discharge based on the violation of the same code section. Appellee filed a motion for summary judgment, which was granted by the trial court in a September 15, 2000 judgment entry.[2]
Appellant has filed a timely appeal from the September 15, 2000 judgment entry and makes the following assignment of error:
 "A trial court improperly grants a [m]otion [f]or [s]ummary [j]udgment when the non-moving party points to some evidence that may establish its case."
Prior to granting a motion for summary judgment, a trial court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385. On appeal, the trial court's granting of summary judgment is reviewed de novo. Dodds v. Conrad (Jan. 16, 2001), Portage App. No. 99-P-0079, unreported, 2001 WL 137562, at 1.
Appellant contends that the trial court improperly granted appellee's motion for summary judgment. She suggests that there is an issue of fact as to whether appellee's termination of her employment for violating appellee's leave of absence policy simply served as a pretext for terminating her in retaliation for filing a workers' compensation claim. We disagree.
R.C. 4123.90 provides that "[n]o employer shall discharge * * * any employee because the employee filed a claim * * * under the workers' compensation act for an injury * * * which occurred in the course of and arising out of his employment with that employer." To establish a prima facie case for retaliatory discharge, an employee must prove that she (1) was injured on the job, (2) filed a workers' compensation claim, and (3) was discharged in contravention of R.C. 4123.90. Green v. Burton RubberProcessing, Inc. (Dec. 11, 1998), Geauga App. No. 97-G-2102, unreported, 1998 WL 964484, at 3.
Once the employee has established her prima facie case, the burden shifts to the employer to provide a legitimate reason for the discharge.Id. In this case, appellee initially discharged appellant for failing to abide by appellee's leave of absence policy.[3] After a six-month leave of absence, on January 3, 1999, appellant failed to report to work and failed to submit the necessary form to extend her leave of absence. Further, appellant had informed appellee that she remained under restrictions and could not return to the full-time position she held prior to the start of her leave of absence. Under those circumstances, appellee, from a moral standpoint, may have had an obligation to find a part-time position for appellant. However, appellant does not propose a legal theory that would have required appellee to provide appellant with such a position.
Once the employer sets forth a legitimate reason for discharging the employee, the burden shifts to the employee to prove that that reason was pretextual and that she was, in fact, discharged for protected activity under the Workers' Compensation Act. Id. Appellant has failed to meet this burden. Appellant takes issue with appellee's leave of absence policy, describing it in her appellate brief as "nothing more than a method for [appellee] to circumvent the legislative intent in creating [R.C. 4123.90]." In this case, appellant had completed a six-month leave of absence, yet failed to return to work on the appointed date and failed to provide the necessary forms that would have allowed for an extension of her leave of absence, while also indicating to appellee that she would be unable to resume the duties which she had been assigned. Under these circumstances, appellee's discharge of appellant for violation of the leave of absence policy hardly seems a pretext.
Further, appellant has failed to provide even a scintilla of evidence that her discharge was the result of the workers' compensation claim that she filed almost ten years earlier. When asked, at her deposition, what evidence she had to support her retaliatory discharge claim, appellant stated: "Just the fact that [appellee] couldn't find [part-time] work for me." We conclude that appellant failed to provide evidential material to create a genuine issue as to any material fact with respect to her claim that her separation from employment with appellee was a retaliatory exercise on appellee's part as a result of the 1989 workers' compensation claim. Consequently, appellee was entitled to judgment as a matter of law.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] Appellant had previously been discharged by appellee in 1997. Appellant was working in patient registration at that time. A patient she was registering complained of bruising. Appellant understood that this might be a symptom of diabetes. Therefore, in the paperwork she completed for that patient, in the block for "diagnoses/symptoms," appellant wrote "poss(ible) diabetes." Appellee viewed this as a diagnosis, which was outside the scope of appellant's responsibilities, and discharged her. The issue of whether appellant had been discharged for just cause was appealed by appellant to the Unemployment Compensation Board of Review, which held, in an October 3, 1997 decision, that appellant was discharged by appellee without just cause.
[2] Appellee's motion for summary judgment does not appear to have been included in the record submitted to this court. The trial court did not include the date of the motion in its judgment entry, and neither party provided the date of the motion in its appellate brief. Therefore, this court is unable to determine the date on which appellee's motion for summary judgment was filed.
[3] In her appellate brief, appellant argues that she was terminated for exhausting the time limit on appellee's one-year leave of absence policy, when she was only absent from work for slightly more than six months. Therefore, the reason given by appellee for her termination was pretextual. We would note, however, that appellant was initially discharged for failing to comply with the leave of absence policy because she did not submit a form requesting an extension of her leave of absence. Her discharge was changed to a termination as the result of negotiations between her union and appellee at the request of appellant, who wanted her record to reflect a termination rather than a discharge. Since her termination for exhaustion of the one-year leave of absence policy reflected a negotiated settlement between the union and appellee at the request of appellant in a collateral exercise, we are not inclined to favor appellant's efforts to use that settlement to support her arugment that her termination was pretextual. Thus, for the purposes of this case, we will treat the reasons given in appellee's letter of January 28, 1999, failure to comply with the leave of absence policy, as the actual reason for appellant's loss of employment.