OPINION
{¶ 1} Appellant, Western Reserve Group, appeals from the November 27, 2001 judgment entry in which the Portage County Court of Common Pleas granted the motion for summary judgment of appellee, Howard F. Leasure.
 {¶ 2} On March 8, 1999, appellee was involved in an automobile accident, which was allegedly caused by the negligence of Robyn Perry ("Perry"), the other driver. As a result of the collision, appellee suffered various injuries. Appellee filed a complaint on March 7, 2001, against Perry, appellant, and John Does #1-5. In the complaint, appellee alleged that Perry caused him an injury by reason of her negligence and that appellant breached a contract to provide him with uninsured/underinsured motorist coverage. Appellant filed an answer to the complaint on April 6, 2001. On June 27, 2001, appellant filed a motion for summary judgment. Appellee filed a motion for summary judgment on July 24, 2001.
 {¶ 3} Appellee was an employee of R.S. Resources, Inc. Appellant issued a business auto policy which, by its terms, did not provide uninsured or underinsured motorist coverage. Even though appellee was an employee of the named insured at the time of the accident, he was not specifically named in the policy. Rather, the named insured in the policy was R.S. Resources, Inc. Further, appellee was not acting in the course of his employment at the time of the March 8, 1999 accident. He was operating a vehicle that was not owned, hired, or leased in the name of R.S. Resources, Inc.
 {¶ 4} In a judgment entry dated November 27, 2001, the trial court granted appellee's motion for summary judgment and determined that appellee was "granted judgment against [appellee] that [appellant] has coverage under [appellant's] policy with R.S. Resources, Inc. The trial court also ruled that appellant's motion for summary judgment was denied. Appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 5} "The trial court erred when it denied appellant's motion for summary judgment and granted appellee's cross motion for summary judgment."
 {¶ 6} Under its sole assignment of error, appellant argues that the trial court erred by denying its motion for summary judgment and granting appellee's motion for summary judgment.
 {¶ 7} Summary judgment may be granted where there are no genuine issues as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 8} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296:
 {¶ 9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. ***" (Emphasis sic.)
 {¶ 10} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "*** we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 11} Based on the foregoing, it is our determination that reasonable minds can come to but one conclusion in this matter and that is that appellee's vehicle was not covered by the policy at issue.
 {¶ 12} We must note that uninsured/underinsured motorist law in Ohio has undergone many changes in recent years, and as a result, the context in which courts must examine these cases continues to change as well. Before September 3, 1997, R.C. 3937.18 did not define "automobile/motor vehicle liability insurance" as contained in subsection (A) of the statute. Thus, the Supreme Court of Ohio was forced to interpret several important auto insurance cases without the assistance of a statutory definition. See Davidson v. Motorists Mut. Ins. Co.
(2001), 91 Ohio St.3d 262; Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541.
 {¶ 13} Furthermore, when a court interprets an automobile insurance contract, the statutory law in effect at the time of entering into the contract for automobile liability insurance controls the rights and duties of the contracting parties. Ross v. Farmers Ins. Group ofCos. (1998), 82 Ohio St.3d 281, 287. As the Supreme Court of Ohio correctly stated in both Davidson and Selander, supra, those cases interpreted a previous version of R.C. 3937.18 that did not include the R.C. 3937.18(L) definition of an "automobile liability or motor vehicle liability policy of insurance." As a result, it is our position that these cases are inapplicable to the interpretation of R.C. 3937.18(L) as amended by House Bill 261 on September 3, 1997. Therefore, we conclude that our analysis is restricted to a determination of whether the general liability policy is a motor vehicle liability policy within the meaning of the statutory definition.
 {¶ 14} In the case sub judice, the record indicates that the policy issued by appellant to appellee became effective on March 31, 1998, and expired on March 31, 1999. Hence, pursuant to Ross, we must review appellee's claim in the context of R.C. 3937.18(L) as it existed on March 31, 1998, the date on which the policy between appellant and appellee became effective.
 {¶ 15} R.C. 3937.18(L) states that an "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 {¶ 16} "[1.] Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility as defined by division (K) of Section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance.
 {¶ 17} "[2.] Any umbrella liability policy of insurance."
 {¶ 18} R.C. 4509.01(K) provides in pertinent part: "`Proof of financial responsibility' means *** proof of ability to respond in damages for liability, on account of accidents ***, arising out of the ownership, maintenance, or use of a motor vehicle ***."
 {¶ 19} We also note that appellee's ownership of the vehicle is dispositive as to the issue of whether the policy qualified as an automobile liability or motor vehicle liability policy for purposes of uninsured/underinsured motorist coverage. The policy stated that:
 {¶ 20} "The following are `insureds':
 {¶ 21} "You are covered for any `auto'.
 {¶ 22} "Anyone else while using with your own permission a covered `auto' you own, hire or borrow except:
 {¶ 23} "The owner or anyone else from whom you hire or borrow a covered `auto'. ***
 {¶ 24} "Your employee if the covered `auto' is owned by that employee or a member of his or her household.
 {¶ 25} "Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing, parking or storing `autos' unless that business is yours. ***"
 {¶ 26} In addition, the insurance policy between appellant and R.S. Resources, Inc. identified the covered autos as hired and non-owned autos. Hired autos were defined in the policy as those autos "you lease, hire, rent or borrow. This does not include any `auto' you lease, hire, rent, or borrow from any of your employees, or partners or members of their households." Non-owned autos were described as autos that "you do not own lease, hire, rent, or borrow that are used in connection with your business. This includes `autos' owned by your employees ***but onlywhile used in your business or your personal affairs." (Emphasis added.)
 {¶ 27} In the case at hand, only "hired" or "non-owned" vehicles were included within the scope of coverage under the policy at issue. As such, appellee's vehicle, which was owned by appellee, would beclassified as a non-owned auto under the policy issued to R.S.Resources, Inc. However, it is excluded from coverage under the policybecause it was not used in the business at the time of the accident. "Exclusion is the opposite of the concept of inclusion. It is incongruous to say that the exclusion of an `owned' motor vehicle somehow triggers a finding that this is a motor vehicle policy that identifies only hired and non-owned motor vehicles and thus requires the inclusion of uninsured/underinsured coverage." Smith v. The Cincinnati Ins. Co., 11th Dist. No. 2001-L-114, 2002-Ohio-7343, at ¶ 25.[1]
 {¶ 28} Based on the foregoing reasons, reasonable minds can come to but one conclusion in this case, appellant's liability portion of the policy does not satisfy the requirements of R.C. 3937.18. Thus, it is our view that the trial court erred in granting appellee's motion for summary judgment while overruling appellant's motion.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Portage County Court of Common Pleas is reversed, and judgment is entered for appellant.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.
[1] In reaching this conclusion, we note as we did in Smith, supra, that we are passing no judgment as to whether any specific identification of hired or non-owned vehicles is a prerequisite of coverage, since that issue is not currently before us. In this context, we merely reference this writer's concurring opinion in Smith.