OPINION
{¶ 1} Appellant, Joseph R. Pishotti, appeals the May 3, 2002 judgment entry of the Trumbull County Court of Common Pleas, in which the trial court granted the motion for summary judgment of appellees, Sherif Hanna, M.D. ("Dr. Hanna") and Belmont Eye Clinic.
 {¶ 2} Appellant filed a medical malpractice action against appellees on March 17, 2000. He claimed that Dr. Hanna, who was his eye surgeon and employed at the Belmont Eye Clinic, performed laser surgery on him on December 8, 1998. Appellant alleged that as a result of a negligently performed eye surgery, he lost sight in his right eye. Appellees filed their answer to the complaint on April 4, 2000.
 {¶ 3} On September 8, 2000, appellant filed an amended complaint, in which he added a claim for lack of informed consent. In that count, appellant averred that Dr. Hanna did not disclose the risks involved in the surgery, and if the risks had been revealed, he may have declined to have the surgery. On September 13, 2000, appellees filed their answer to the amended complaint. Thereafter, on July 31, 2001, appellees filed a motion for summary judgment. In a judgment entry dated May 3, 2002, the trial court granted appellees' motion for summary judgment. It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 4} "The trial court erred in granting [appellees'] summary judgment motion."
 {¶ 5} In his lone assignment of error, appellant contends that the trial court erred in granting appellees' summary judgment motion. Specifically, appellant claims that he should have been able to overcome summary judgment as to the informed consent issue solely through the medical opinion of his physician, Dr. Hanna.
 {¶ 6} Summary judgment may be granted where there are no genuine issues as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 7} The Supreme Court of Ohio stated in Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296:
 {¶ 8} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 9} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
 {¶ 10} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 11} In Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, syllabus, the Supreme Court of Ohio established the elements of the tort of lack of informed consent:
 {¶ 12} "(a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
 {¶ 13} "(b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
 {¶ 14} "(c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy."
 {¶ 15} In Nickell, the Supreme Court rejected the view that a lack of informed consent is actionable only if a reasonable physician would have disclosed the risk or if it was the custom of the medical community to reveal such a risk under the circumstances. Rather, the court adopted a reasonable patient standard. Under this view, the trier of fact must determine the scope of a physician's duty to disclose whether a reasonable person in the patient's position would have rejected a proposed course of treatment if the undisclosed risk had been made known to the patient by the physician.
 {¶ 16} In his motion for summary judgment, Dr. Hanna pointed to appellant's failure to produce expert testimony establishing the relevant standard of care in the medical community, how he deviated from the standard of care, and that any alleged deviations from the standard of care caused injury to appellant. However, in Dr. Hanna's deposition, the following exchange took place in regard to the possibility that appellant's procedure could result in a halo effect:
 {¶ 17} "Q. Did you tell him that the procedure could result in a halo effect to the right eye?
 {¶ 18} "A. I don't recall specifically telling that. I could have. With corneal haze, the implication that would be, you know, causing him to have halos at night.
 {¶ 19} "Q. And would that have resulted from the hyperoptic shift?
 {¶ 20} "A. It can, and it also could have resulted from the corneal haze, most likely, if it would have come in."
 {¶ 21} Appellant claims in his affidavit that Dr. Hanna did not tell him that the procedure had an eighty-percent success rate or that it could result in a worsened corneal haze and hyperoptic shift. On the other hand, Dr. Hanna could not recall whether he told appellant that the surgery would result in a halo effect. This case involves a factual scenario in which Dr. Hanna had no recollection of informing appellant of the potential halo effect and hyperoptic shift, although in his deposition testimony, he did testify that the foregoing items could result from the surgery that was undertaken here. Pursuant to the record in this case, there are genuine issues of material fact that remain to be litigated. Viewing the evidence in a light most favorable to appellant, genuine issues of material fact exist as to whether the physician failed to disclose to the patient and discuss the material risks and dangers inherently and potentially involved, which is an essential element in informed consent pursuant to Nickell. Hence, appellees were not entitled to summary judgment on the issue of informed consent as a matter of law. We would note that our opinion is limited to the specific facts of this case.
 {¶ 22} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.