JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Patricia Easterwood, Administrator of the Estate of Jean Roziewicz, Deceased ("plaintiff") appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendant-appellee Brent L. English. For the reasons that follow, we affirm.
 {¶ 2} According to the record, the decedent fell from a hospital bed on November 17, 1997. The decedent sought legal representation from defendant in connection with the November 17, 1997 incident. Defendant did not file a claim. In 1999, plaintiff retained Attorney Clifford L. DeCamp to pursue the decedent's claim, which was filed in November, 1999. By correspondence dated February 1, 2000, DeCamp advised plaintiff that the defendant medical center intended to assert the statute of limitations defense. DeCamp included an Ohio Supreme Court case that supported the medical center's position.[1] He felt the decision controlled and recommended that plaintiff settle the case "quickly." On March 6, 2000, plaintiff settled the decedent's claim.
 {¶ 3} Plaintiff filed this legal malpractice action on February 28, 2001. Defendant moved for summary judgment asserting that plaintiff failed to timely file her claim. The court granted defendant's motion on January 31, 2003.
 {¶ 4} Plaintiff asserts the following error for our review:
 {¶ 5} "I. The trial court erred to the prejudice of plaintiff-appellant by granting defendant-appellee's motion for summary judgment."
 {¶ 6} We employ a de novo review in determining whether summary judgment was warranted.[2] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336; Zemcik v. La Pine Truck Sales Equip. (1998),124 Ohio App.3d 581, 585.
 {¶ 7} "The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivich v. MentorSoccer Club, 82 Ohio St.3d 367, 370, 1998-Ohio-389. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 8} There is no dispute that defendant failed to commence suit within the statute of limitations applicable to the decedent's underlying claim. What the parties do dispute is whether plaintiff timely commenced this legal malpractice action.
 {¶ 9} Generally, R.C. 2305.11(A) provides that "[a]n action for * * * malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued * * *." However, the Ohio Supreme Court has held that: "[u]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. * * *" (Citations omitted). Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus.
 {¶ 10} Plaintiff claims the "cognizable event" was the date she settled the decedent's claims in the underlying action, March 6, 2000. Conversely, defendant believes that the date of DeCamp's correspondence, February 1, 2000, triggered the statutory period of limitations.
 {¶ 11} "A `cognizable event' is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act." Case v. Landskroner Phillips Co.,L.P.A. (May 3, 2001), Cuyahoga App. No. 78147 (finding letter from counsel was "cognizable event" suggesting legal malpractice triggered statute of limitations). In Case, this Court noted that "[i]n determining the cognizable event, `the focus should be on what the client was aware of and not an extrinsic judicial determination.'" Id., quoting Vagianosv. Halpern (Dec. 14, 2000), Cuyahoga App. No. 76408 [other citations omitted].
 {¶ 12} Plaintiff considers the February 1, 2000 letter akin to the "mere assertion of a defense" and, therefore, it should not qualify as the "cognizable event" for statute of limitations purposes. Plaintiff relies on Vagianos, supra.
 {¶ 13} The defendant in Vagianos identified the date of filing an answer which asserted the affirmative defense of res judicata as the "cogizable event."[3] The defendant maintained that the mere assertion of the res judicata defense should have alerted the plaintiff of the defendant attorney's alleged malpractice in failing to pursue discovery in the prior action. This Court held that "the mere assertion of a defense does not establish that the defense has any merit, much less that counsel's substandard representation is responsible for the availability of the defense." Id.
 {¶ 14} In this case, we find that the February 1, 2002 letter from counsel alerted plaintiff of the alleged malpractice and was the "cognizable event" for determining the statute of limitations on this legal malpractice claim. The facts in this record are entirely distinguishable from those presented in Vagianos. Counsel's February 1, 2000 letter not only advised plaintiff of the conduct which forms the basis of this lawsuit, but also recommended that she enter an expeditious settlement. Plaintiff was further advised of the likelihood that the decedent's claims would be time-barred and of the controlling law on this point. This is far more than simply advising plaintiff that the opposing party has asserted a defense.
 {¶ 15} Lastly, plaintiff maintains that the February 1, 2000 letter should not qualify as the "cognizable event" because, she argues, that it only "suggests malpractice may have occurred but it is not conclusive." We fail to see how her ultimate decision to settle the claim would make the "suggested malpractice" any more conclusive than it was on February 1, 2000. Instead, it is reasonable to surmise that plaintiff was following the advice of the letter when she settled the claim; particularly because the record does not suggest that plaintiff would have settled the claim at that time for any other reason. In other words, reasonable minds could only conclude that plaintiff was or should have been aware of defendant's malpractice at the time she received the February 1, 2000 letter. Plaintiff failed to file this action within a year from that date and, therefore, the statute of limitations bars the legal malpractice claim as a matter of law. Zimmie, supra; Case, supra.
 {¶ 16} The assigned error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., and Diane Karpinski, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] While DeCamp expressed his disagreement with the Ohio Supreme Court decision, he advised that it "appear[ed] to be the current law that would apply to this situation."
[2] Summary judgment is appropriate where: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
[3] Vagianos involved three lawsuits: (1) an action to enforce a cognovit judgment; (2) an action to enforce stock options; and (3) a legal malpractice claim. The plaintiffs' asserted that the attorney who represented them in the first action committed malpractice by failing to conduct discovery that would have precluded the court from granting the defendant relief from judgment. The defendant in the malpractice action claimed that the mere assertion of the affirmative defense of res judicata by the defendant in the second action should have placed the plaintiffs on notice of the legal malpractice. However, the plaintiffs did not discover any damage as a result of the malpractice until they conducted discovery in the second lawsuit.