{¶ 37} I respectfully dissent. The majority contends that the facts of this case raise questions best suited for a jury's determination regarding whether Eschman acted with a malicious purpose, in bad faith, or in a wanton or reckless manner toward appellant Jeffrey Elston by failing to exercise care for his safety. I disagree.
 {¶ 38} Appellants alleged negligence in their amended complaint against appellee. Although appellants argue in their brief that Eschman acted in a wanton manner, appellants' amended complaint did not mention any malicious purpose, bad faith, wanton or reckless actions. Even assuming that appellants did allege more than negligence in their amended complaint, the record does not establish that Eschman and/or appellee exercised its judgment or discretion with malicious purpose, in bad faith, or in a wanton or reckless manner. In addition, Zizzo's opinion provided in his affidavit does not change the fact that appellants only mentioned negligence in their amended complaint.
 {¶ 39} I disagree with the majority that the liability exceptions contained within R.C. 2744.03 must be read narrowly in favor of appellants. Ohio case law has consistently applied immunity under R.C. 2744.03(A)(3) and (5) to school athletic situations where the discretion of a school or a school employee was not exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. See Pope v.Trotwood-Madison City School Dist. Bd. of Edn., 2d Dist. No. 20072,2004-Ohio-1314; Hughes v. Wadsworth City School Dist. (Mar. 29, 2000), 9th Dist. No. 2961-M, 2000 Ohio App. LEXIS 1271; Thompson v. New MiamiLocal School Dist. (Sept. 8, 1998), 12th Dist. No. CA98-03-051, 1998 Ohio App. LEXIS 4172; Moore v. Southeastern Local School Dist. (Mar. 29, 1996), 2d Dist. No. 95-CA-23, 1996 Ohio App. LEXIS 1188; Harland v. W.Clermont Local School Dist. (Aug. 1, 1994), 12th Dist. No. CA94-01-006, 1994 Ohio App. LEXIS 3367; Alessi v. Buckeye Local Schools Bd. of Edn.
(June 29, 1990), 11th Dist. No. 89-A-1430, 1990 Ohio App. LEXIS 2726. In addition, R.C. 2744.03(A)(6), which is not mentioned by the majority, extends immunity to employees unless the acts or omissions of the employees were exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
 {¶ 40} Even assuming arguendo that Eschman was negligent, appellee is still entitled to immunity pursuant to R.C. 2744.03(A)(3) and (5). Under R.C. 2744.03(A)(3), the duties and responsibilities of Eschman's position involve policy-making with respect to instructing members of the baseball team. With respect to R.C. 2744.03(A)(5), Eschman was solely responsible for coaching and instructing the baseball team, and clearly had discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources.
 {¶ 41} Based on Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, it was proper for the trial court to conclude that summary judgment was appropriate. I would affirm the judgment of the trial court.