[Cite as *NTL Collegiate Stndt Loan Trust 2005-1 v. Owusu*, 2016-Ohio-259.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| NTL COLLEGIATE STNDT LN TRUST 2005-1, | : | |
| | : | CASE NO.   CA2015-07-139 |
| Plaintiff-Appellee, | : | O P I N I O N |
| - vs - | : | 1/25/2016 |
| | : | |
| ISAAC OWUSU, | : | |
| Defendant-Appellant. | : | |
| | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-08-2296


Sessions, Fishman, Nathan & Israel, LLC, R. Glenn Knirsch, 2647 Eaton Road, University Heights, Ohio 44118, for plaintiff-appellee

Richard Hurchanik, 110 North Third Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, P.J.**

{¶ 1}   Defendant-appellant, Isaac Owusu, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, National Collegiate Student Loan Trust (NCSLT).[1]

---

1. Pursuant to Loc.R. 6(A), we remove this case from the accelerated calendar for the purposes of issuing this opinion.

{¶ 2} Owusu initiated a student loan with Charter One Bank for $12,000. Charter One then sold the loan to NCSLT, and assigned Owusu's note to NCSLT via a Deposit and Sale Agreement and Pool Supplement. The Pool Supplement listed many hundreds of loans sold and assigned to NCSLT within that specific transaction.

{¶ 3} Owusu defaulted on the terms of his student loan, and NCSLT filed a complaint demanding judgment of $17,209.62 on the note plus accrued interest of $4,373.68. Owusu filed a motion for a more definite statement, asserting that NCSLT's complaint failed to include valid and complete proof of the assignment from Charter One to NCSLT. The trial court denied Owusu's motion for a more definite statement, finding that if Owusu wanted more specific documentation of the assignment, he could request such through discovery. Owusu then filed an answer, as well as a motion to dismiss, arguing that NCSLT was not the proper party to bring the suit. The trial court denied Owusu's motion to dismiss, and NCSLT filed a motion for summary judgment.

{¶ 4} NCSLT attached to its motion for summary judgment a Note Disclosure Statement, which lists the $12,000 amount financed as well as interest rate information. NCSLT also attached a page of the credit agreement showing Owusu's signature, but did not include the other pages of the Note Disclosure Statement specific to the terms for repayment or consequences of default. NCSLT also attached to its motion for summary judgment an affidavit and verification of account initiated by A. Marisa Dartania, in which Dartania averred that she was a custodian of the records for NCSLT and that Owusu was in default of the loan requirements. Dartania also made reference to the loan agreement, but again, the loan agreement was missing pages regarding terms of the loan and consequences of default.

{¶ 5} The trial court granted summary judgment to NCSLT, finding that the promissory note was properly included with the complaint, and that Owusu defaulted on the loan. The trial court also made a finding that the "loan balance has been accelerated in

accordance with the terms of the loan documents." The trial court awarded NCSLT $17,209.94 plus interest of $4,373.68 for a total judgment of $21,583.62 along with interest from the date of judgment. Owusu now appeals the trial court's grant of summary judgment, raising the following assignment of error.

{¶ 6} THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT, APPELLANT ISAAC OWUSU BY GRANTING THE PLAINTIFF SUMMARY JUDGMENT.

{¶ 7} Owusu argues in his assignment of error that the trial court erred by granting summary judgment to NCSLT.

{¶ 8} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R.56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion which is adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 9} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 10} After reviewing the record, we find that the trial court improperly granted summary judgment, as there remain genuine issues of material fact. The record is clear that NCSLT neglected to include documentation to prove that it is entitled to demand judgment on the note. Although the record contains reference to the pool agreement and an uncontested affidavit that Owusu is in default, NCSLT did not include specific documentation to directly link the pool of debts assigned to NCSLT from Charter One to the debt Owusu's incurred and had defaulted upon.

{¶ 11} Nor does the record contain any indication as to the terms or conditions of the loan or consequences of default, most notably an acceleration clause. Despite the trial court's finding that the documentation included with NCSLT's complaint included specific reference to acceleration, no such document or reference is included in the record either by way of the loan agreement or affidavit from the custodian of NCSLT's records.

{¶ 12} The documentation of the direct link showing that Owusu's debt was included in the pool of debts assigned to NCSLT as well as the terms and conditions of the loan and default were not in the record before the trial court, and therefore could not provide any basis for the trial court's grant of summary judgment.[2] We therefore find that the trial court's grant of summary judgment was improper given these missing pieces of evidence from the record. Our decision, however, should not be taken as any indication of the ultimate merits of this case given that NCSLT may supplement the trial court record upon remand.

{¶ 13} Judgment reversed, and the cause is remanded for further proceedings consistent with this opinion.

S. POWELL and RINGLAND, JJ., concur.

---

2. NCSLT filed a motion with this court during the pendency of the appeal to order a remand for the purpose of introducing new evidence into the record. We denied the motion because the current appeal is based upon only the evidence and those documents that were before the trial court when it made its decision.