JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Roy V. Beets appeals from the trial court's granting summary judgment in favor of defendant-appellee Jim Walborn. Beets claims there is a genuine issue of fact regarding whether Walborn was an employee of Concrete Solutions, Inc. (CSI). We find no merit to the appeal and affirm.
On July 30, 1998, Walborn injured Beets' arm while Walborn was operating a tow motor at CSI. Beets brought suit against him for negligent operation of the tow motor. Walborn filed a motion for summary judgment arguing that, because he was Beets' co-employee, he was immune from suit pursuant to R.C. 4123.71.
In his deposition attached to the motion, Walborn testified that CSI was solely owned by his son. Walborn claimed that he was an employee of his son's business. Although he did not receive a paycheck, he received compensation in the form of free use of the company warehouse, telephone, and secretary for his marine electronics business. Prior to this arrangement, he was renting space elsewhere and had to pay for secretarial/telephone service. In addition, his son promised to reimburse him financially for all his help once CSI became profitable. Walborn testified that he presently worked thirty-eight to forty hours per week at CSI and only two hours per week at his electronics business. He emphasized that the work for his marine electronics company was seasonal and that, during warmer weather, he spent more time at the electronics company.
According to his deposition, Walborn's duties included maintaining inventory on the computer system, building racks, moving materials in the warehouse, and delivering and picking up materials, and shipping products. Walborn stated that he worked under the direction of his son while at CSI. His son told him what parts to order and at what price parts should be bought and sold. At the time of the accident, his son had directed him to operate a tow motor to move four fifty-five gallon drums, weighing 550 pounds each, on to the back of a truck. Beets was assisting him when he was injured.
Walborn's son's deposition was also attached to the motion. The son testified that he formed CSI in 1991. He is the sole shareholder of the company. At the time of the accident, he employed his father, his wife, a receptionist, and Beets. All the employees, except for his wife and father, were paid hourly and received W2 forms. According to the son, his father and he had an oral agreement that, in exchange for his father's help at CSI, the son would allow him to use, free of charge, part of the warehouse and the secretary/telephone services along with free shipping for his father's electronics business. He also agreed to pay his father money for his work once the company became profitable. The son testified that, although he does not need to supervise his father's work, his father does not have free reign.
In his brief in opposition to Walborn's motion for summary judgment, Beets argued that the oral contract between Walborn and his son was not sufficient for summary judgment because the jury could possibly find Walborn and his son were not credible regarding the terms of Walborn's employment, and that it was also possible for the jury to find Walborn was an independent contractor.
Walborn filed a reply brief in which he argued that, because Beets failed to provide evidence to contradict the oral contract, summary judgment was proper. He also argued that the evidence did not support the conclusion that he was an independent contractor.
On April 23, 2001, the trial court granted Walborn's motion for summary judgment, without opinion.
Beets appeals and asserts one assignment of error.
 I. THE TRIAL COURT COMMITTED ERROR WHEN IT ASSESSED THE CREDIBILITY OF WITNESSES AND GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
It appears that the trial court granted Walborn's motion because it found Walborn was a CSI employee and therefore immune from suit.
R.C. 4123.741 provides:
 No employee of any employer, as defined in Division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under Sections 4123.01 to 4123.94, inclusive, of the Revised Code.
R.C. 4123.01(A)(1)(b) defines an employee under the workers' compensation act as:
 (b) every person in the service of any person, firm or private corporation, including any public service corporation, that (I) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express, or implied, oral or written, * * *.
According to the Ohio Supreme Court, in determining whether an individual has met the statutory definition of employee, the focus is on whether the service is performed under a contract of hire, either express or implied. Republic-Franklin Ins. Co. v. Amherst (1990), 50 Ohio St.3d 212, 214.
The evidence attached to Walborn's motion indicated that Walborn was indeed an employee of CSI because he had an oral contract of employment with his son. Although Walborn did not receive a paycheck in the traditional sense, he did receive compensation in the form of free rent and free telephone and secretarial services. This was not a typical employment arrangement; however, it did constitute an oral contract for hire. See, Anderson v. Linkscorp, Inc. (Mar. 16, 1999), Franklin App. No. 98AP-454, unreported, where the appellate court found that a person receiving compensation in the form of free services under an express or implied contract was not a volunteer but an employee.
Beets has offered no evidence to contradict that such an arrangement existed. To merely allege that the jury might not believe such testimony is not sufficient to overcome a motion for summary judgment. Such an allegation could be made in every case. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue. Mootispaw, supra at 385.
We also find no merit to Beets' contention that the jury could find Walborn was acting as an independent contractor. Whether an individual is an independent contractor or employee is a question of law. Pavlick v. Bureau of Workers' Comp. (Sept. 27, 2001), Cuyahoga App. No. 78705, unreported.
In determining whether a person is an independent contractor, the relevant consideration is as follows:
 If the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.
Hamilton v. State Employment Relations Board (1994), 70 Ohio St.3d 210,213, quoting Gillum v. Indus. Comm. (1943), 141 Ohio St. 373, paragraph two of the syllabus. Walborn's son testified that his father did not have free reign over his work and Walborn, himself, testified that he had to consult his son regarding the amount and cost of items when purchasing and selling materials. Walborn was also operating the tow motor at his son's request when the injury occurred.
Because Beets failed to attach evidence to contradict the oral agreement between Walborn and his son, and because he failed to establish that Walborn is an independent contractor, the trial court did not err in granting summary judgment.
The sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS; FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY.