SFZ DIRECT MARKETING, INC., Appellee,

v.

ROLLER PALACE et al., Appellants.

[Cite as *SFZ Direct Marketing, Inc. v. Roller Palace*,
184 Ohio App.3d 637, 2009-Ohio-5492.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92530.

Decided Oct. 15, 2009.

Allan & Gallagher, L.L.P., and Patrick J. Gallagher, for appellee SFZ Direct Marketing, Inc.

Robert F. DiCello, for appellee Gretchen Bohr.

David Ledman, for appellant Laura's Roller Emporium.

---

CHRISTINE T. MCMONAGLE, Judge.

{¶ 1} Defendant-appellant Laura's Roller Emporium, Inc. ("LRE") appeals the August 12 and September 19, 2008 trial court judgments. Together, and relevant to this appeal, those judgments granted the summary-judgment motion of plaintiff-appellee SFZ Direct Marketing, Inc. ("SFZ") against LRE and awarded SFZ attorney fees. We reverse and remand.

## I

{¶ 2} In July 2007, SFZ filed a complaint in the Euclid Municipal Court against the Roller Palace and Robert Heeve for alleged due and owing sums for advertising services. The complaint was amended to add Gretchen Bohr and LRE as defendants; additionally, Robert Heeve no longer was named as a defendant, but Robert C. Heeley was. The Roller Palace was identified in the complaint as "an entity of unknown form or structure which is or was, at all relevant times, owned and/or operated by defendants Robert C. Heeley, Gretchen Bohr and/or Laura's Roller Emporium, Inc." The Roller Palace never answered SFZ's complaint or otherwise appeared in the action.

{¶ 3} LRE answered, asserted cross-claims, and filed a third-party complaint. Because of those claims, the case was transferred to the court of common pleas in January 2008. Other parties and claims were also subsequently added, but did not involve SFZ. LRE denied SFZ's allegations of LRE's relationship with the Roller Palace in its answer.

{¶ 4} SFZ filed a motion for summary judgment against the Roller Palace, Heeley, Bohr, and LRE. The motion was granted against the defendants, with the exception of defendant Bohr, and judgment was entered against them jointly and severally in the amount of $4,375.49. The court also subsequently granted attorney fees in favor of SFZ and against the subject defendants, jointly and severally, in the amount of $1,528.50.

{¶ 5} SFZ filed a motion for determination of no just cause for delay. In that motion, SFZ stated that it dismissed defendant Bohr from its action and because of that dismissal and the summary-judgment ruling, all of its remaining claims had been adjudicated. The docket, however, does not reflect that Bohr has been

dismissed.[1]  Nonetheless, the court granted the motion, finding that its previous judgments were final and appealable and that there was no just cause for delay. Because of the trial court's finding of no just cause for delay, we have jurisdiction over this appeal under Civ.R. 54.

## II

{¶ 6} LRE was an Ohio corporation and the owner of a roller-skating business located in Painesville, Ohio.  On November 1, 2005, LRE entered into an agreement with defendants Agora Unlimited and Bohr, referred to in the agreement together as the "Agora Parties."  In essence, the agreement was a management contract, whereby the Agora Parties would manage the business for six years and have the right and option to purchase it.  The agreement stated that defendant Heeley was a representative of the Agora Parties and was "competent and qualified to operate, maintain and manage the Business and the Real Property."  The agreement further provided as follows:

{¶ 7} "During the term of this Agreement, LRE appoints the Agora Parties to serve as LRE's sole and exclusive managers of the Business, on the terms and conditions set forth herein.

{¶ 8} "In general, during the term of this Agreement, the Agora Parties shall take and maintain active and complete charge of the Business, and shall operate, control and otherwise manage the Business in a manner that is customary and usual in the operation of comparable businesses, and, so far as economically and legally possible, in accordance with the same procedures, practices, management techniques and other rules of operation used by similar businesses."

{¶ 9} Another relevant provision provided:

{¶ 10} "The Agora Parties may enter into service and other contracts reasonably necessary or desirable in connection with the operation of the Business in the usual course of the business, except that the Agora Parties shall not enter into any contract for cleaning, maintaining, repairing or servicing the properties of the Business that requires annual payments in excess of One Thousand Dollars ($1,000) without the prior written consent of LRE. * * * All service contracts shall:  (i) be in the name of the Agora Parties;  (ii) be assignable, at LRE's option, to LRE or LRE's nominee;  (iii) include a provision for cancellation by LRE or the Agora Parties on not less than 30 days' written notice;  and (iv) require that all contractors provide evidence of sufficient insurance."

{¶ 11} A final relevant provision provided:

---

1.  A housekeeping matter for another day.

{¶ 12} "The Agora Parties may prepare advertising plans and promotional materials to be used to further the operation of the Business. Those plans or materials will only be used if approved in advance in writing by LRE and in conformity with that approval. The Agora Parties shall not use LRE's name in any advertising or promotional materials without LRE's prior written approval in each instance. Advertising and promotional materials shall be prepared in full compliance with federal, state and local laws, ordinances, regulations and orders."

{¶ 13} An undated "participation contract" purportedly created an agreement between defendant the Roller Palace and Valpak of Cleveland (the "d.b.a." of SFZ) for advertising services. The purported contract was signed by Heeley. SFZ alleged that the Roller Palace, Heeley, Bohr, and LRE all entered into the contract as agents for each other, and they defaulted on their account; thus SFZ sought judgment against them jointly and severally. In support of its summary-judgment motion, SFZ submitted the affidavit of its president, who averred that Heeley entered into the contract "personally and on behalf of *The Roller Palace*" in November 2005.[2] (Emphasis added.)

{¶ 14} In opposition, LRE maintained that it was not a party to the contract and Heeley was not an authorized agent or representative in connection with the contract. According to LRE, Heeley was an independent contractor acting on his own behalf. LRE contended that after the management agreement was executed, Heeley began operating the business as "The Roller Palace," and entered into the contract with SFZ "personally and behalf of The Roller Palace." (See footnote two.) Thus, according to LRE, "the Participation Contract is between Heeley[3] (and the Roller Palace) and Plaintiff [SFZ]. LRE was not a party to it."

{¶ 15} The court's judgment ruling on SFZ's summary-judgment motion provides as follows:

{¶ 16} "The motion is granted as to Defendants Robert Heeley and The Roller Palace. * * * The motion is granted as to Defendant Laura's Roller Emporium, Inc. since it was that defendant, as principal, who placed Heeley into a position to deal with the plaintiff with LRE Inc.'s apparent authority, and apparent authority

---

**2.** Although the alleged contract was invoiced to the Roller Palace, the signature block does *not* indicate that it was signed on the behalf of the Roller Palace; the advertiser (Robert Heeley) signed "personally" and left the line for an "as well" fill-in blank.

**3.** Heeley denied this in both his answer and an affidavit in opposition to SFZ's summary-judgment motion. In particular, he contended that the purported contract was actually a proposal that was never completed. He further contended that at the time of his discussions with SFZ, he did not have authority to enter into such an agreement. SFZ replied with another affidavit from its president, averring that an agreement had been reached and with exhibits of the proofs and changes made to the advertisement leading up to the alleged actual agreement.

does not require 'actual' authority so Heeley's status as an independent contractor is not material."

{¶ 17} In its sole assignment of error, LRE contends that the trial court erred by granting SFZ's summary-judgment motion against it.[4] We agree.

### III

{¶ 18} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court enunciated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

{¶ 19} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."

{¶ 20} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the [party's] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Civ.R. 56(E). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

{¶ 21} The issue in this appeal is whether LRE entered into a contract with SFZ.

{¶ 22} Upon review, we find that a genuine issue of material fact exists as to that question. The alleged contract provides that the Roller Palace, not LRE, engaged SFZ for advertising services. LRE has denied any connection to the Roller Palace. The Roller Palace and LRE seemingly were two different

---

4. The parties in this appeal are SFZ and LRE. Another appellate case, appeal No. 92521, involved SFZ and Heeley; that case was not consolidated with this case and was settled and dismissed in April 2009. Counsel in this case waived the September 23, 2009 oral argument; however, counsel for Heeley appeared at the hearing and requested time to argue. Unaware at the time that Heeley was not a party in this appeal, we granted counsel's request. Because we now know that Heeley's counsel should not have argued, we disregard his arguments advanced at the hearing.

outfits—they were identified in SFZ's amended complaint as two separate defendants with separate addresses. Further, the management contract between LRE and the Agora Parties made no mention whatsoever of the Roller Palace. Moreover, the drafts for the advertisement show that the coupons to be included in the Valpak were for the Roller Palace. As the Ohio Supreme Court held in *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, a party moving for summary judgment has certain obligations that must be met. Id. at 428, 674 N.E.2d 1164. Naked allegations by the moving party are not enough. SFZ simply did not met its initial burden of demonstrating that LRE and the Roller Palace were connected.

{¶ 23} On this record, a genuine issue of material fact exists, and the sole assignment of error is sustained.

Judgment reversed
and cause remanded.

GALLAGHER, P.J., and CELEBREZZE, J., concur.